John G. Koeltl, United States District Judge
The Court has reviewed the Report and Recommendation (the "Report") of Magistrate Judge Gorenstein dated April 5, 2018. The Report recommends that the Court award the plaintiff's attorney attorney's fees in the amount of $57,754.80, and that the plaintiff's attorney return to the plaintiff the $11,382.07 he received pursuant to the Equal Access to Justice Act, as well as the $12,152 he has held in escrow, which the plaintiff's attorney indicates has already been returned. See Dkt. No. 80.
Neither party objects to the Report. In any event, the Court finds that the Report *635 is well reasoned and correct. The Court therefore adopts the Report and grants the plaintiff's attorney's request for attorney's fees as provided in the Report.
SO ORDERED.
REPORT AND RECOMMENDATION
GABRIEL W. GORENSTEIN, United Stated Magistrate Judge:
Plaintiff Sandra Baron filed administratively for social security benefits and her application was denied initially and following a hearing by an Administrative Law Judge. See Complaint, filed June 23, 2011 (Docket # 1) ("Compl."), at ¶¶ 5-13. On June 23, 2011, Baron filed the instant complaint seeking review of the Commissioner of Social Security's decision pursuant to 42 U.S.C. § 405(g). Compl. ¶ 1. After both parties moved for judgment on the pleadings, the case was remanded by an Order adopting the then-assigned Magistrate Judge's Report and Recommendation. See Order, dated Mar. 26, 2013 (Docket # 27).
As a result of that remand, the Commissioner directed that Baron was entitled to an award of past-due benefits. See Notice of Award, dated June 6, 2015 (attached as App. 2 to Affirmation of Irwin M. Portnoy, dated June 1, 2016 (Docket # 40) ) ("Sandra Baron Notice of Award"), at 1-2. $72,688.25 of Baron's past-due benefits were withheld as possible attorney's fees. Id. at 3. We assume that this amount represents 25% of past-due benefits awarded to Baron given that the law permits awarding a maximum of 25% of such benefits in attorney's fees, 42 U.S.C. § 406(b)(1)(A), and the Social Security Administration stated in the notice that it "usually withhold[s] 25 percent of past-due benefits in order to pay the approved representative's fees," Sandra Baron Notice of Award at 3. Baron's son, Jeremy, in his capacity as an auxiliary beneficiary, was also awarded past-due benefits. See Notice of Change in Benefits, dated Feb. 13, 2018 (attached as App. 1 to Supplemental Affirmation of Irwin M. Portnoy, dated Feb. 25, 2018 (Docket # 67) ("Portnoy Feb. 25 Supp. Aff.") ), at 1. From this award, $18,677, which was 25% of Jeremy Baron's total past-due benefits award, was withheld as possible attorney's fees. Id. In addition, another child and auxiliary beneficiary of Baron's, Dawn Baron, was awarded past-due benefits, with $6,595.50 of that award being withheld as possible attorney's fees. See Notice of Award, dated Sept. 26, 2017 (attached as App. 2 to Affirmation of Irwin M. Portnoy, dated Nov. 3, 2017 (Docket # 59) ("Portnoy Nov. 3 Aff.") ), at 2. In total, $97,960.75 was withheld as possible attorney's fees.
Of the $97,960.75, counsel has already been awarded $40,205.95 for services rendered at the administrative level, see Affirmation of Irwin M. Portnoy, dated Jan. 3, 2018 (Docket # 64) ("Portnoy Jan. 3 Aff."), at ¶ 13; Notice of Change in Benefits, dated Oct. 9, 2017 (attached as App. 1 to Portnoy Nov. 3 Aff.) ("Notice of Change in Benefits"), at 2. Thus the agency has $57,754.80 remaining to potentially disburse. Counsel seeks this amount for his work performed in the federal court proceedings based on the contingent fee agreement counsel made with Baron, which provides that Baron's attorney will receive 25% of any past-due benefits award. See Contingent Federal Court Attorneys' Fee, dated June 20, 2011 (attached as App. 1 to Affirmation of Irwin M. Portnoy, dated Apr. 29, 2013 (Docket # 33) ("Portnoy Apr. 29 Aff.") ) ("Contingent Fee Agreement"), at 1. Letter from Irwin M. Portnoy, filed Mar. 30, 2018 (Docket # 77), at 1-2; Notice of Change in Benefits at 2.[1] Contemporaneous time records *636 show that counsel spent 81.17 hours in the federal court proceeding. See Time Records, dated Apr. 28, 2013 (attached as App. 4 to Portnoy Apr. 29 Aff.).
Counsel was also previously awarded $11,382.07 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, see Stipulation and Order, filed June 14, 2013 (Docket # 35), and indicates that he is holding approximately $12,152[2] in escrow that Baron paid to counsel due to the defendant's failure to initially withhold attorney's fees when issuing Jeremy Baron's Notice of Award, see Portnoy Feb. 25 Supp. Aff. ¶ 9.
Pursuant to statute, "[w]henever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation," but that fee may not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled." See 42 U.S.C. § 406(b)(1)(A). This Court set forth the law governing such fee applications in the case of Blizzard v. Astrue, 496 F.Supp.2d 320 (S.D.N.Y. 2007). Familiarity with that case is assumed.
As explained in Blizzard, 496 F.Supp.2d at 322, even when there is a contractual contingency fee arrangement, we consider the following factors in gauging the reasonableness of a requested award:
1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.
Joslyn v. Barnhart, 389 F.Supp.2d 454, 456 (W.D.N.Y. 2005) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 808, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002) ).
Here, the first two factors plainly weigh in favor of approving the fee request. Counsel wrote a detailed and extensive memorandum of law outlining cogent arguments for a remand. See Plaintiff's Brief in Support of Motion for Judgment on the Pleadings Under Rule 12(c) Fed. R. Civ. P., filed Dec. 16, 2011 (Docket # 16). The briefing was effective in prompting the remand and achieved the greatest possible success for the claimant. Thus, the award is in line with the character and results of the representation. Counsel did not engage in any delay of the proceedings that might have artificially increased past-due benefits and thus the potential attorney fee award.
*637 With respect to the third factor-whether the award constitutes a "windfall"- Blizzard notes that courts consider the following factors:
1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.
496 F.Supp.2d at 323 (quoting Joslyn, 389 F.Supp.2d at 456-57 ). Applying these factors here, they too weigh in favor of the fee request. Baron's counsel was particularly successful in that he achieved an award of benefits. Counsel submitted a detailed, non-boilerplate brief in support of Baron's case. The case was handled efficiently in that it was handled by a single experienced attorney and the number of hours spent was entirely appropriate to the nature of the case.
Under Gisbrecht, a court must consider whether the claimant's past-due benefits are "large in comparison to the amount of time counsel spent on the case." 535 U.S. at 808, 122 S.Ct. 1817. Here, counsel's request would result in compensation at an hourly rate of $711.53. While such a rate could not be justified as part of a traditional "lodestar" analysis, a "lodestar" analysis does not apply. See Gisbrecht, 535 U.S. at 799-808, 122 S.Ct. 1817. An important factor underlying our consideration of the fee sought by counsel here is the Court's belief that "[d]eference should be given ... to the 'freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate ... and of an attorney's willingness to take the case despite the risk of nonpayment.' " Joslyn, 389 F.Supp.2d at 456 (quoting Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990) ). Inasmuch as statutory fee awards are available only for successful litigants, a contingency fee arrangement provides an incentive to counsel to take on cases that are less than sure winners. As was stated by the Second Circuit, "[i]n the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells, 907 F.2d at 371 ; accord Joslyn, 389 F.Supp.2d at 456 ("When assessing the reasonableness of [a contingency fee payment], a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated so that they continue to represent clients in disability benefits cases.") (citing Gisbrecht, 535 U.S. at 805, 122 S.Ct. 1817 ). Thus, a reduction in the agreed-upon contingency amount should not be made lightly.
Here, we see no reason to reduce the amount provided in the contingent fee arrangement given counsel's skill, competence, and efficiency. In light of the fact that, as already discussed, the many factors for judging reasonableness identified by courts have been satisfied in this case, the fact that Baron's case was not a sure winner, and the importance of encouraging attorneys to accept social security cases on a contingency basis, the Court concludes that the award sought here is not so large in relation to the hours expended by counsel that it requires reduction. See generally Schiebel v. Colvin, 2016 WL 7338410, at *3 (N.D.N.Y. Dec. 19, 2016) (citing cases where hourly rates in the range of $1324.52 to $2100 were found not unreasonable); Kazanjian v. Astrue, 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011) (awarding what amounted to a $2100 hourly rate);
*638 Dominguez v. Colvin, 2016 U.S. Dist. LEXIS 137164, at *4-5 (C.D. Cal. Sept. 29, 2016) (effective hourly rate of $1072.17 reasonable).
Finally, we note that Baron's counsel should be ordered to return to Baron the $11,382.07 award received pursuant to the Equal Access to Justice Act. See Gisbrecht, 535 U.S. at 796, 122 S.Ct. 1817 ("Fee awards may be made under both [the Equal Access to Justice Act and 42 U.S.C. § 406(b) ], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.' ") (citation omitted); see also Contingent Fee Agreement at 1 (noting that Baron's counsel's attorney's fees shall be the greater of 25% of past-due benefits or any amount obtained pursuant to the Equal Access to Justice Act). Likewise, Baron's counsel should return to Baron the $12,152 he holds in escrow due to the defendant's failure to initially withhold funds for attorney's fees when issuing Jeremy Baron's Notice of Award, as retaining that money would result in an impermissible fee in excess of 25% of past-due benefits. See 42 U.S.C. § 406(b)(1)(A).
Conclusion
Accordingly, counsel's request for an award of $57,754.80 should be granted. Counsel should be ordered to return to Baron the $11,382.07 he received pursuant to the Equal Access to Justice Act, as well as the $12,152 held in escrow due to the defendant's failure to initially withhold funds for attorney's fees when issuing Jeremy Baron's notice of award.
PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION
Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court, with copies sent to the Hon. John G. Koeltl, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections or responses must be directed to Judge Koeltl. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) ; Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).
Dated: April 5, 2018

Although Baron's counsel states that he seeks $57,710.75, this number was apparently calculated under the assumption that Baron's counsel was awarded $40,250 for services performed at the administrative level. See, e.g., Proposed Findings of Fact and Order (attached to Letter from Irwin M. Portnoy, dated Mar. 30, 2018 (Docket # 77) ). In fact, the record reflects that Baron's counsel was awarded $40,205.95, see Notice of Change in Benefits at 2, a figure that Baron's counsel had used in earlier filings before switching to the larger number, see, e.g., Portnoy Jan. 3 Aff. ¶ 13. Moreover, $40,205.95, when subtracted from the total amount withheld by the Social Security Administration, leaves a difference of the exact amount the Social Security Administration claims to still be withholding as potential attorney's fees. See Letter from Leslie A. Ramirez-Fisher, filed Mar. 29, 2018 (Docket # 76), at 3 n.5 ("SSA is withholding a total of $57,754.80"). We therefore assume that Baron's counsel was awarded $40,205.95 for services performed at the administrative level, and construe Baron's counsel's request as one for $57,754.80.

Baron's counsel also refers to this amount as $12,000. See Portnoy Jan. 3 Aff. ¶ 11. However, insofar as the $12,152 amount is more precise and was provided by Baron's counsel more recently, the Court assumes that it is the accurate amount.